# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN DEWAYNE HOLT, | ) |
| Plaintiff, | ) |
| VS. | ) No. 19-1266-JDT-cgc |
| JOHNNY ALEXANDER, ET AL., | ) |
| Defendants. | ) |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On November 14, 2019, Plaintiff Johnathan Dewayne Holt, who is incarcerated at the Hardin County Correctional Facility (HCCF) in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Holt submitted the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Hardin County Sheriff Johnny Alexander, HCCF Jail Administrator Tracy White, HCCF Nurse Amanda Hardin, and HCCF Doctor Nathan Kearse.

Holt lists various issues at the HCCF and attributes those problems to a set of Defendants without specifying what actions they took related to the issues. (ECF No. 1 at

PageID 2.)  He first names Sheriff Alexander and Administrator White, and next to their names, he states

> No access to any kind of law library to fight case – No kind of Grievance Procedure – State Facility No access to Disinfectants – lots of Health Code violations such as Black mold an[d] leaking toilets – NO chance to use regular phone for a lawyer call.

(*Id.*)  Holt alleges much the same regarding Defendants Hardin and Kearse.  Next to their first names, he has written

> Nurse and Doctor that simply just ignores [sic] sick calls and never shows to check on anyone[s'] concerns in jail[,] simply no Health Care.

(*Id.*)  Holt states that he is "not after money."  (*Id.* at PageID 3.)  Instead, he seeks "the relief of all charges on me" following a one-year term of unspecified rehabilitation.  (*Id.*)  Holt states that he seeks to "change [his] life without Prison."  (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines

whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Holt filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Holt sues the Defendants in their official capacities, his claims are treated as claims against Hardin County, which may be held liable *only* if Holt's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Holt, however, does not even mention Hardin County, much less suggest one of its policies or customs is responsible for the alleged violations of his rights. He therefore does not state a claim against Hardin County or against any Defendant in his or her official capacity.

Holt also fails to state a claim against any Defendant in his or her individual capacity. The issues Holt mentions in his complaint could amount to a violation of his

constitutional rights. However, Holt's complaint is pleaded too generally to satisfy Rule 8's requirements. The way Holt has framed his complaint, he suggests the conditions for which he asserts each Defendant should be held responsible. But he does not allege what actions any Defendant personally took, or failed to take, that violated his rights or led to the conditions. Even *pro se* plaintiffs must allege *facts* demonstrating their entitlement to relief. *See Iqbal*, 556 U.S. at 679; *Beebe v. Birkett*, 749 F. Supp. 2d 580, 587 (E.D. Mich. 2010) (quoting Fed. R. Civ. P. 12(b)); *cf. Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not boundless."). Holt's complaint lacks any facts from which the Court can infer even the possibility of liability. Under even a liberal construction of his complaint, Holt's complaint, as pleaded, does not state a claim. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

Nor does Holt allege how any of the purported conditions affected him personally, if at all. He instead alleges generally that the conditions exist. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011)

5

(internal quotation marks and citation omitted). Unless Holt suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). Moreover, Holt cannot assert claims on behalf of any inmate but himself. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989).

A final problem is that Holt does not seek appropriate relief. He requests only that this Court dismiss the charges against him and allow him to participate in one year of rehabilitation. Those actions would not remedy the issues Holt has attempted to raise, which concern conditions at the HCCF rather than his criminal proceeding. Even if Holt's claims did relate directly to the criminal case, under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term.

>Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Holt does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.[1]

If Holt already has been convicted and is seeking to challenge his conviction or sentence, his only avenue for relief is a petition under 28 U.S.C. § 2254 and not an action under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983.")).

Therefore, even if Holt had properly stated a claim against a Defendant, he would not be entitled to the relief he seeks through this lawsuit brought under § 1983.

For the foregoing reasons, Holt's complaint must be dismissed in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

---

[1] Even without the bar of the Anti-Injunction Act, this Court could not order Sheriff Alexander or the HCCF Defendants to dismiss Holt's charges or impose a particular sentence, as that authority rests with the State District Attorney General in charge of Holt's prosecution and the State Judge presiding over that matter.

Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Holt should be given an opportunity to amend his complaint.

In conclusion, Holt's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **January 10, 2019**.

Holt is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Holt fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                s/ **James D. Todd**
                JAMES D. TODD
                UNITED STATES DISTRICT JUDGE