UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNATHAN DEWAYNE HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1266-JDT-cgc |
| | ) | |
| JOHNNY ALEXANDER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 20, 2019, the Court issued an order dismissing Plaintiff Johnathan Dewayne Holt's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 7.) Holt was warned that if he did not file an amended complaint within twenty-one days, on or before January 10, 2020, the Court would dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment. (*Id.* at PageID 27.)[1]

Holt has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED with prejudice in its entirety, and judgment will be entered in accordance with the December 20, 2019, order dismissing the original

---

[1] Due to a typographical error, the deadline in the order was stated as January 10, 2019; however, the order stated clearly that any amendment must be filed within twenty-one days after the date of the order. (*Id.*)

complaint for failure to state a claim. Holt is assessed his first strike under § 1915(g). This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Holt would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Holt nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Holt is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE